### ESTATE OF THOMAS H. SELBY.

No. 6486—Jan. 17, 1877.

Claim, Interest on, when allowable.—The allowance of a claim by the executor and Probate Judge is not such a proceeding as will make the claim the judgment of a Court and so become interest bearing. The claim is not a judgment until it has passed through account and settlement and has been ordered paid.

It is doubtful if any claim bears interest, when the payment of interest could not be enforced against decedent if he were alive. That is the true test.

Construing sections, C. C., 1920; C. C. P., 1497, 1649; affirmed, Supreme Court, March 26, 1877.

*Delos Lake,* for claimants.

*S. L. Johnson,* for executor.

By the Court: 1—This is an application for the payment of interest upon the claims presented respectively by the following named persons:

M. W. Belshaw & Co.,

E. H. Hammer, and

A. H. Phelps.

It cannot be successfully claimed that the allowance by the executors and the Judge constitute a judgment. The claim is not then placed beyond criticism; is not binding upon the heir. Not until the proceedings detailed in Secs. 1647 and 1649, C. C. P., viz: the reporting of its allowance, the settlement of the account, and the *order for its payment,* does it lose the character of a claim, and take on the phase of a judgment. Not till then can the claimant enforce payment, or have any process; not till then has it been ascertained and determined *what* are the debts of the deceased; not till then has the heir had any voice in the matter.

The action theretofore had, viz: allowance and approval, has been without any notice to the heir. According to Sec. 1920, C. C., a judgment, to bear interest as such, must be a

judgment "recovered in the courts of this State." The action of a Judge, in approving the allowance of a claim, is not a judgment rendered by a Court.

2—The allowance and approval do not constitute a settlement of accounts, within the meaning of Sec. 1917, C. C. When an account between persons is settled, and the balance is ascertained, neither can reopen it except for fraud, mistake, or matters of such character; whereas, upon the settlement of the account of the executor, the heir can defeat an allowed claim in many other ways. Not until the proceedings noted in Sec. 1647, C. C. P., does an allowed claim become a settled account, by reason of its allowance, even if it does then.

3—The remaining point for consideration is whether these claims bear interest by reason of being within the provisions of Sec. 1917, C. C., viz: moneys due on an instrument of writing, moneys lent, moneys due on any settlement of accounts, and moneys received to the use of another.

Clearly the claims are not within the first, second, or fourth clauses; so we have simply to ascertain whether there had been any settlement of accounts between these claimants and testator in his lifetime. The claim of Belshaw & Co. is for merchandise sold and delivered; payments were made on account; but there is no proof that the minds of testator and the claimants met upon the sum unpaid. The application for payment of interest upon this claim is denied.

The claim of A. H. Phelps is for services, etc. The balance due Feb'y 28, 1875, was entered in the books of testator, viz: $1,136.80. The other items occurred thereafter. The credits exceed the balance due Feb. 28, 1875; and there has been no subsequent settlement; therefore the application for payment of interest on this claim is denied.

The claim of E. H. Hammer is also for services, etc. The balance due Feb. 28, 1875, as entered in testator's books, is $3,125.12; amounts of credit since, $1,576.06; no dates are given when these credits occurred; therefore the difference between these sums is entitled to bear interest at the rate of ten per cent. per annum from Feb. 28, 1875, until paid.

In my opinion, any claim, to bear interest after allowance, must have been of such character as that it would draw interest during the lifetime of deceased.

There is no *forbearance* on the part of the creditor, for he cannot proceed to enforce payment except in due course of administration. The estate has not the *use* of money, in the sense that living people use money.

Allowance by an executor does not change the character of any debt owed by the deceased.

Let a decree be entered in accordance with this opinion.